## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF A SEARCH WARRANT
## UNITED STATES POSTAL INSPECTION SERVICE

I, MICHAEL TWOMBLY, DO HEREBY DEPOSE AND SAY:

1. I am a Cuyahoga County Sheriff's Deputy and been so employed since 2001. On December 15, 2020, I received special deputation as a task force officer by the United States Inspection Service to investigate crimes related to drug trafficking. I received training in detection and investigation of drug trafficking offenses involving the use of the mail and other courier services. I have worked narcotic investigations involving drug related offenses since 2007. These investigations have led to the prosecution of multiple cases in U.S. District Court as well as state courts.

2. Because this affidavit is submitted for the limited purpose of supporting a search warrant, I have not included each and every fact known concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause that the below referenced U.S. Postal Service (USPS) parcels contain a controlled substance.

3. I know based on training and experience that U.S. Mail is often used by narcotic traffickers to transport controlled substances. I know from my training and experience that the USPS Priority Mail system is commonly used to transport controlled substances because Priority Mail provides traceability, reliability, and timely delivery. The guaranteed delivery timeframe of approximately two to three days for Priority Mail places pressure on law enforcement agents to identify, search, and deliver these drug parcels in a timely manner.

4. On November 1, 2025 through November 6, 2025 while conducting parcel interdiction in the Northern District of Ohio, your affiant identified the following three U. S. Postal Service Mail parcels as suspected narcotics parcels based on the parcels containing postage that was purchased through a specific third party postage provider. Your affiant knows, based on previous narcotics seizures using identical postage, that this third party postage provider is commonly used by individuals who mail illegal contraband/narcotics via the U.S. Postal Service. Your affiant has previously interdicted parcels paid for using this specific third party postage provider, and these parcels have always contained illegal narcotics, proceeds, or other contraband (such as counterfeit money or fraudulent identification cards).

**Subject Parcel List (the property to be searched is also listed in Attachment A)**

A. **U. S. Postal Service Priority Mail parcel bearing tracking no. 9405536208303295263814 addressed to, DANIELLE ROTE, 6302 BRADLEY AVE., PARMA, OH 44129-2222 bearing return address of STEVEN P. ORLANDO, 10 WESTBURY AVE., STATEN ISLAND, NY 10301-2026.**
This parcel is further described as a USPS Flat Rate Envelope, weighing approximately 4.96 Ounces, and measuring approximately 10 inches X 6. The subject USPS Flat Rate Envelope was mailed on November 4, 2025, from Staten Island, NY and bore $8.19 in postage. Your affiant made inquiries with CLEAR, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name and address, and phone number information. Concerning the return address of, Steven P. Orlando, 10 Westbury Ave., Staten Island, NY 10301-2026, CLEAR was able to associate the sender's name Steven P. Orlando, at this address. Your affiant also made inquiries in CLEAR and was able to associate the listed recipient, Danielle Rote, at the recipient address of 6302 Bradley Ave., Parma, OH 44129-2222. Your affiant has seized multiple parcels of methamphetamine intended for the recipient address in October 2025.

B. **U. S. Postal Service Priority Mail parcel bearing tracking no. 9405536206249311160564 addressed to, NATHAN TOWNSEND, 3812 W. 129th ST., CLEVELAND, OH 44111-4508 bearing return address of PATRICK POTTER, 17 S. STATE ST., CONCORD, NH 03301-3778.**
This parcel is further described as a USPS Small Flat Rate Envelope, weighing approximately 3.84 Ounces, and measuring approximately 12.5 inches X 9.5. The subject USPS Small Flat Rate Envelope was mailed on November 4, 2025, from Boston, MA and bore $8.47 in postage. Your affiant made inquiries with CLEAR, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name and address, and phone number information. Concerning the return address of 17 S. State St., Concord, NH 03301-3778, CLEAR was able to associate the sender's name, Patrick Potter, at this address. Your affiant made inquiries in CLEAR and was able to associate the listed recipient, Nathan Townsend, at the recipient address of 3812 W. 129th St., Cleveland, OH 44111-4508. Your affiant seized multiple parcels of methamphetamine going to recipient address in October 2025.

C. **U. S. Postal Service Priority Mail parcel bearing tracking no. 9405536206249311258094 addressed to, DR. DOBS BARNA, 26963 SOUTHWOOD LN., OLMSTED FALLS, OH 44138-1156 bearing return address of KEIRY KAUFMAN, 11523 PEMBROKE ST., LOMA LINDA, CA 92354.**
This parcel is further described as a USPS Small Flat Rate Envelope, weighing approximately 4.00 Ounces, and measuring approximately 12.5 inches X 9.5. The subject USPS Small Flat Rate Envelope was mailed on November 5, 2025, from Loma Linda, CA and bore $8.47 in postage. Your affiant made inquiries with CLEAR, an electronic database that has

proven reliable in previous investigations in determining the legitimacy of name and address, and phone number information. Concerning the return address of 11523 Pembroke St., Loma Linda, CA 92354, CLEAR was unable to associate the sender's name, Keiry Kaufman, at this address. Your affiant made inquiries in CLEAR and was unable to associate the listed recipient, Dr. Dobs Barna, at the recipient address of 26963 Southwood Ln., Olmsted Falls, OH 44138-1156. According to USPIS databases a parcel containing 90 grams methamphetamine was seized going to this recipient address in October 2025.

5. On November 7, 2025, your affiant took possession of the above listed parcels, for further investigation, within the Northern District of Ohio.

6. The subject parcels did not require a signature for delivery. Signature waivers are commonly used on drug parcels, so the intended recipients do not have to have contact with the delivery employee and/or law enforcement should the parcel be seized.

7. The postage for the Subject Parcels was purchased through a third party postage provider that accepts cryptocurrency as payment. Individuals throughout the United States can purchase postage via cryptocurrency through this third party postage provider and mail parcels from anywhere in the country.

8. I know from my training and experience that individuals using the U.S. Mail to distribute controlled substances, who purchase the postage with cryptocurrency, are doing so in attempt to anonymize the mailing of the parcel, since the transaction is more difficult to trace back than a person using a debit or credit card. I know from my training and experience that individuals using cryptocurrency to purchase postage typically mail their parcels at USPS Collection Boxes instead of going into a post office, in attempt to conceal their identities.

9. I know based on previous narcotics seizures using the same third party postage, that this third party postage provider is commonly used by individuals who mail illegal narcotics via the USPS. Postal Inspectors in the Northern District of Ohio have interdicted hundreds of parcels containing the same third party postage, which have resulted in the seizure of contraband, including controlled substances. Postal Inspectors in the Northern District of Ohio have never interdicted a parcel containing postage paid for through this third party provider that did not contain contraband.

10. Your affiant conducted postal database searches and identified similar historic parcels containing postage that was purchased through a specific third party postage provider delivered to the recipient addresses for each subject parcel within the past year that is indicative of this particular recipient having received illegal contraband/narcotics via the U.S. Postal Service.

11. Your affiant knows based on his training and experience that although individuals who use the U.S. Mail to distribute controlled substances will often

use fictitious names on the address label, individuals who purchase their drug parcel postage with cryptocurrency will often place legitimate business addresses and/or business name information as the return address and/or legitimate addresses and name information for the recipient to facilitate delivery.

12. On November 7, 2025, each of the three subject parcels listed above were placed individually into a separate lineup containing several blank parcels which emanated no narcotics odors. Each lineup was then subjected to "Atilla", a narcotic detection canine handled by Detective Michael Twombly of the Cuyahoga County Sheriff's Office. Canine Atilla gave a positive alert on the subject parcels in each of the three separate lineups. This positive alert means Atilla detected the odor of an illegal narcotic emanating from the subject parcel in each lineup. In each of the three lineups, Atilla did not alert to the blank parcels, which emanated no narcotics odors.

13. Your affiant has been state-certified as a narcotic's canine handler since 2007, and your affiant and narcotics detection canine Atilla have worked together since June 2022. Your affiant and canine Atilla completed 240 hours of a state-certified training program at Excel K-9 Services, Inc., in Hiram, Ohio, under Certified Master Trainer Paul Shaughnessy of the North American Police Work Dog Association (NAPWDA), a nationally organized police work dog association which provides training for dogs and handlers. Your affiant and canine Atilla were certified in May 2025 by the Ohio Peace Officers Training Academy (OPOTA) and the North American Police Work Dog Association (NAPWDA)

14. Canine Atilla has been trained to detect the presence of the odors of the following controlled substances: marijuana, cocaine, heroin, methamphetamine ("crystal meth"), and/or their derivatives. Prior to handling canine Atilla, your affiant handled canine Ciga for 9 years and Canine Sammy for 5 years. Canine Ciga completed 80 hours of a state-certified training program at Shallow Creek Kennels in Sharpsville, Pennsylvania under Certified Trainer John Brannon of the NAAPWDA, a nationally organized police work dog association that provides training for dogs and handlers. Canine Sammy and your affiant completed 240 hours of training under Certified Master Trainer Paul Shaughnessy of the North American Police Work Dog Association (NAPWDA), a nationally organized police work dog association which provides training for dogs and handlers. Your affiant has been trained how to handle a detector canine and read his alerts.

15. Your affiant knows based on his training and experience that individuals who regularly handle controlled substances often leave the scent of controlled substances, which narcotic canines are trained to indicate alert, on the box, contents of the box, and/or other packaging material they handle.

16. Based on the information contained herein, your affiant maintains there is probable cause to believe that each of the above parcels contains controlled substances, and/or proceeds which are evidence thereof, in violation of Title 21, United States Code, Section 841(a)(1).

_____
MICHAEL TWOMBLY
U.S.  POSTAL INSPECTOR TFO

On November 7, 2025, this affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1 (b)(2)(A), by telephone after a document was transmitted by email, per Crim R. 4.1

_____
REUBEN J. SHEPERD
U. S. MAGISTRATE JUDGE